UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DANIEL CONNELLY,

                      Plaintiff,

                -v.-

DEP'T CORR. & CMTY. SUPERVISION (DOCCS), *et al*,

                      Defendants.

25-CV-7688 (KMK)

ORDER OF SERVICE

---

KENNETH M. KARAS, United States District Judge:

      Plaintiff, who is incarcerated at Sing Sing Correctional Facility ("Sing Sing"), brings this pro se Action, under 42 U.S.C. § 1983, alleging that Defendants denied him medical treatment for a serious condition caused by a fractured screw left in his back following reconstructive back surgery. By Order dated September 18, 2025, the Court granted Plaintiff's request to proceed in forma pauperis ("IFP"), that is, without prepayment of fees.[1] As set forth in this Order, the Court orders service on Defendant Frederick Parker ("Parker") and Defendant Razia Ferdous ("Ferdous"), and directs the New York State Attorney General to identify Defendant "John Doe 1," a radiologist at Sing Sing, "John Doe 2," DOCCS' Chief Medical Officer during the time of the alleged incident, and the "Doe Company" that provided the hardware for Plaintiff's back surgery, as well as all other correctional officers or employees involved in the alleged events, and to provide a service address for Defendant Gurell. The Court also dismisses Plaintiff's claims against the Department of Corrections & Community Supervision ("DOCCS") under the Eleventh Amendment.

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

1

## DISCUSSION

**A.   Service on Defendants Parker and Ferdous**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service on Defendants Parker and Ferdous.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Parker and Ferdous through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants Parker and Ferdous.

If the Complaint is not served within ninety days after the date a summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the Action if Plaintiff fails to do so.

**B.   *Valentin* Order**

Under *Valentin v. Dinkins*, a pro se litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the Complaint, Plaintiff supplies sufficient information to permit the New York State Department of Corrections and Community

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the Complaint is filed, Plaintiff is proceeding IFP and could not have served a summons and the Complaint on Defendant Murphy until the Court reviewed the Complaint and ordered that a summons be issued. The Court therefore extends the time to serve Defendant Murphy until 90 days after the date a summons is issued.

Supervision ("DOCCS") to fully identify John Doe 1, John Doe 2, the Doe Company, and any other unidentified correction officers or employees who were involved in the alleged denial of medical treatment to Plaintiff between 2022 and 2024 at Sing Sing.  It is therefore ordered that the New York State Attorney General, who is the attorney for and agent of DOCCS, must ascertain the identities of John Doe 1, John Doe 2, the Doe Company, and of any other correctional officer or employee involved in the events alleged in the Complaint, as well as the addresses where those individuals and company may be served. The Attorney General is also ordered to provide a service address for Dr. Gurell.  The Attorney General must provide this information to Plaintiff and the Court within sixty days of the date of this Order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the newly identified individuals as defendants.  The amended complaint will replace, not supplement, the original Complaint. An amended complaint form that Plaintiff should complete is attached to this Order.  Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the newly named defendants and to deliver all documents necessary to effect service on those individuals to the U.S. Marshals Service.

C.      **Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this Action.  Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."  Within 120 days of service of the Complaint, Defendant Murphy  must serve responses to those standard discovery requests. In their responses, Defendant Murphy  must quote each request verbatim.[3]

---

[3] If Plaintiff would like copies of those discovery requests before receiving the responses, and

### D.     Sovereign Immunity

Additionally, Plaintiff's claims against DOCCS must be dismissed because it is an agent of New York.  "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ."  *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009).  "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.*  DOCCS has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983.  See Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 40 (2d Cir. 1977).  Plaintiff's § 1983 claims against DOCCS are therefore barred by the Eleventh Amendment and are dismissed.

## CONCLUSION

The Clerk of Court is directed to issue a summons for Defendants Parker and Ferdous, complete a USM-285 form with the address for these defendants, deliver all documents necessary to effect service on Defendants Parker and Ferdous to the U.S. Marshals Service, and mail Plaintiff an information package. The Clerk of Court is also directed to mail a copy of this Order and the Complaint to the New York State Attorney General at:  New York State Attorney General's Managing Attorney's Office, 28 Liberty Street, 16th Floor, New York, NY 10005.

Local Civil Rule 33.2 applies to this Action.  Defendants Parker and Ferdous must comply with Local Civil Rule 33.2 within 120 days of service of the Complaint.

---

does not have access to the website, Plaintiff may request them from the court's Pro Se Intake Unit.

Plaintiff's claims against DOCCS are dismissed as barred by the Eleventh Amendment.

SO ORDERED.

Dated: November 5, 2025
White Plains, New York

_____
KENNETH M. KARAS
United States District Judge

5

## DEFENDANTS AND SERVICE ADDRESSES

Dr. Razia Ferdous
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562-5442

Dr. Frederick Parker
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562-5442

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____CV_____

Write the full name of each plaintiff.

(Include case number if one has been assigned)

-against-

**AMENDED COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

**I.   LEGAL BASIS FOR CLAIM**

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

**II.  PLAINTIFF INFORMATION**

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____
First Name          Middle Initial          Last Name

_____
State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____
Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____
Current Place of Detention

_____
Institutional Address

_____
County, City                    State                    Zip Code

**III. PRISONER STATUS**

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 2:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 3:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 4:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Page 3

## V.   STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

Prison Address

| County, City | State | Zip Code |
|---|---|---|

Date on which I am delivering this complaint to prison authorities for mailing: _____

Page 6